**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT CLEVELAND**

|  |  |  |
|---|---|---|
| **SCHLAUN BOWENS**, on behalf of herself and others similarly situated, | : | CASE NO. 1:25-cv-1003 |
|  | : |  |
| Plaintiff, | : | JUDGE |
|  | : |  |
| v. | : | MAGISTRATE JUDGE |
|  | : |  |
| **TRUSTWELL LIVING, LLC**, | : | COLLECTIVE ACTION COMPLAINT |
| c/o Corporation Service Company | : |  |
| 251 Little Falls Dr. | : | **JURY DEMAND ENDORSED** |
| Wilmington, DE 19808, | : | **HEREON** |
|  | : |  |
| Defendant. | : |  |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE**
**FAIR LABOR STANDARDS ACT**

Named Plaintiff Schlaun Bowens ("Named Plaintiff"), by and through undersigned counsel, hereby files her Collective Action Complaint against Trustwell Living, LLC ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.**     **JURISDICTION AND VENUE**

1.     This action is brought pursuant to the FLSA, and 28 U.S.C. § 1331.

2.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Northern District of Ohio, a

substantial part of the events or omission giving rise to the claim occurred in the Northern District

of Ohio, and Defendant has engaged in substantial business in the Northern District of Ohio.

## II.  PARTIES

### Named Plaintiff

3.      Named Plaintiff is an individual, a United States citizen, and a resident of the State

of Ohio living in the Northern District of Ohio.

4.      Named Plaintiff was employed by Defendant as an hourly, non-exempt Resident

Care Partner from approximately 2023 to January 30, 2025, at its facility in Mansfield, Ohio.

5.      Named Plaintiff brings this action on behalf of herself and other similarly situated

hourly non-exempt employees and has given her written consent to bring this action to collect

unpaid overtime compensation under the FLSA. Named Plaintiff's consent is filed along with this

Complaint pursuant to 29 U.S.C. § 216(b), which is attached hereto as **Exhibit A**.

### Defendant

6.      Defendant is a foreign limited liability company that operates numerous facilities

across Ohio. Defendant provides independent living, assisted living, and memory care to its clients

at its various facilities throughout Ohio and the country.[1]

7.      Defendant has registered multiple business entities as part of its enterprise to

provide these services across Ohio and the country.

8.      At all relevant times, Defendant has been an "employer" as the FLSA defines the

term due to its employment of Named Plaintiff and those similarly situated as described herein.

9.      Defendant forms a "single employer" because it is the head of a single integrated

enterprise and/or is otherwise a joint employer by jointly operating and providing services and

---

[1] *Living Options*, TRUSTWELL LIVING, https://www.trustwellliving.com/living-options (last visited May 15, 2025).

maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control over its other registered business entities.

10.     Although Named Plaintiff and similarly situated employees are paid by Defendant or one of its registered entities, Defendant is their "employer" because it operates the single integrated enterprise or otherwise functions as a joint employer.

11.     At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and other similarly situated employees' working conditions. At all relevant times, Defendant has exercised that authority and control over Named Plaintiff and other similarly situated employees.

12.     At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees. In so doing, Defendant is responsible for human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

13.     Because the work performed by Named Plaintiff and similarly situated employees benefited Defendant and directly or indirectly furthered its interests, Defendant is a joint employer of Named Plaintiff and other similarly situated employees.

14.     At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendant has exercised that authority and control over Named Plaintiff and other similarly situated employees.

15.     At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control employees' work schedules and work conditions, determine the rate and method of pay, and/or maintain employee records.

16.     At all relevant times, Defendant has suffered or permitted Named Plaintiff and other similarly situated employees to work. The work Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

17.     During all relevant times, Defendant has maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime.

18.     Defendant operates and controls an enterprise engaged in interstate commerce.

19.     Upon information and belief, Defendant has applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment of wages and compliance with the FLSA including overtime wages, timekeeping, maintenance of records, etc.

20.     Based on information and belief, Defendant's annual gross volume of sales or business is not less than $500,000 (excluding excise taxes at the retail level).

21.     Based on information and belief, Defendant has been fully aware at all relevant times that it was legally required to comply with the wage and overtime laws of the United States.

## III.    FACTS

22.     Defendant employed Named Plaintiff and other similarly situated employees as hourly, non-exempt employees.

23.     Named Plaintiff and other similarly situated employees worked more than forty (40) hours in one or more workweek(s) or were scheduled to work at least forty (40) hours in one or more workweek(s).

24.     During their employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all overtime wages because Defendant required a daily meal break deduction, generally by having employees clock out and back in, even when Named Plaintiff and other similarly situated employees were unable to take a fully uninterrupted meal break.

25.     Defendant required Named Plaintiff and other similarly situated employees to have a daily meal break deduction applied to their hours worked, which was typically thirty (30) minutes.

26.     However, Named Plaintiff and other similarly situated employees were often unable to take a meal break, took a shortened meal break, or otherwise had their meal break interrupted with substantive job duties related to taking care of Defendant's clients.

27.     For example, Named Plaintiff would often clock out to begin her meal break but then soon have to clock back in if the hall she was assigned to or her resident group needed help, thereby cutting her meal break short or requiring her to take it in small increments (rather than, for example, a 30-minute block of time).

28.     Named Plaintiff and other similarly situated employees were often too busy with work to take a full, uninterrupted meal break.

29.     Moreover, Named Plaintiff and other similarly situated employees were not trained or educated on the definition of a "bona fide" meal period and were rather under the impression

that meal breaks that were interrupted or separated into smaller blocks of time throughout the shift counted as full (or "bona fide") meal periods.

30.     A daily meal break deduction was taken from these employees' hours worked, regardless of whether Named Plaintiff and other similarly situated employees actually received an uninterrupted meal break.

31.     During relevant times, Defendant has had knowledge of and acted willfully regarding its conduct described herein.

32.     Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages or it otherwise failed to maintain such documents and information.

33.     Upon information and belief, for the three (3) years preceding the filing of this Complaint, Defendant applied the same pay policies and practices to all hourly, non-exempt employees, including Named Plaintiff.

34.     Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all their compensable hours worked due to the policies and/or practices described herein.

35.     Defendant knew or should have known Named Plaintiff and other similarly situated employees had a daily meal break deduction taken even though they did not receive an uninterrupted meal break.

36.     Further, Defendant knew or should have known Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid overtime for such work, but Defendant willfully elected not to fully compensate its employees during all times relevant.

## IV.  FLSA COLLECTIVE ALLEGATIONS

37.     Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt employees of Defendant who were paid for at least 40 hours of work in any workweek and clocked out for a meal break beginning 3 years before the filing date of this Complaint and continuing through the final disposition of this case ("FLSA Collective" or the "FLSA Collective Members").**

38.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, costs, and attorneys' fees.

39.     In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to Defendant's companywide payroll policy and practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, as defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of those similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

40.     The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

41.     The net effect of Defendant's policies and practices is that Defendant willfully failed to pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V.     CAUSE OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

42.     All preceding paragraphs are realleged as if fully rewritten herein.

43.     This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

44.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

45.     During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

46.     Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

47.     Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendant's meal break deduction policies and/or practices described herein.

48.     Defendant also violated the FLSA by failing to maintain and preserve payroll or other records containing, among other things, the hours worked each workday, and the total hours worked each workweek. *See* 29 C.F.R. §§ 516.2, *et seq*.

49. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

50. Defendant knew or should have known of the FLSA overtime payment requirements. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

51. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were otherwise not kept by Defendant.

52. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, costs, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an order:

A. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Finding that Defendant failed to keep accurate records, and, as such, Named Plaintiff and the FLSA Collective Members are entitled to prove their hours worked with reasonable estimates;

C. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding to Named Plaintiff and the FLSA Collective Members costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

E. Awarding to Named Plaintiff and the FLSA Collective Members such other and further relief as the Court deems just and proper;

F. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

G. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever;

H. Issuing an order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

I. Granting such other and further relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman* _____
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181

Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
      agedling@mcoffmanlegal.com
      takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

/s/ Matthew J.P. Coffman
Matthew J.P. Coffman